**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**TODD A. WHITEHURST**
Indiana Department of Child Services
Wabash, Indiana

**ROBERT J. HENKE**
DCS Central Administration
Indianapolis, Indiana

FILED

Apr 26 2013, 8:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF C.R. (Minor Child) and | ) ) ) ) |
| T.R. (Mother), | ) ) |
| Appellant-Respondent, | ) ) |
| vs. | )  No. 35A05-1208-JT-435 |
| | ) |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) |
| Appellee-Petitioner. | ) ) |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Thomas M. Hakes, Judge
Cause No. 35C01-1103-JT-5

**April 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

T.R. ("Mother") appeals the trial court's order involuntarily terminating her parental rights to her child, C.R. Among other things, Mother contends that the trial court's findings are insufficient to support its judgment because they merely summarize the witnesses' testimony and "do not reflect the trial court's independent judgment as to what the specific facts of her case were." Appellant's Br. at 8. She asserts that, "[a]t a minimum, this Court should order a remand so that the trial court can submit appropriate findings of fact and conclusions of law." *Id.* The Indiana Department of Child Services agrees. Appellee's Br. at 12.

This Court has said,

> A court or an administrative agency does not find something to be a fact by merely reciting that a witness testified to X, Y, or Z. Rather, the trier of fact must find that what the witness testified to is the fact. Additionally, the trier of fact must adopt the testimony of the witness before the "finding" may be considered a finding of fact.

*In re Adoption of T.J.F.*, 798 N.E.2d 867, 874 (Ind. Ct. App. 2003) (citations omitted). The trial court failed to do so here. *See*, *e.g.*, Appellant's App. at 12 ("The Family Case Manager (FCM), John Lane, testified to the following: ...."); *id.* at 13 ("The service provider from the Bowen Center, Lynn Baker, testified to the following: ...."). Therefore, we reverse and remand with instructions to enter specific factual findings and to provide an explanation as to how the findings support the judgment. *Moore v. Jasper Cnty. Dep't of Child Servs.*, 894 N.E.2d 218, 224 (Ind. Ct. App. 2008).

Reversed and remanded.

ROBB, C.J., and FRIEDLANDER, J., concur.